IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MICHAEL JON BAILEY, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1434-N-BN |
| | § | |
| TEXAS DEPARTMENT OF HEALTH | § | |
| AND HUMAN SERVICES and UNITED | § | |
| STATES SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The Court has granted Plaintiff Michael Jon Bailey leave to proceed *in forma pauperis*. And the undersigned now issues the following findings of fact, conclusions of law, and recommendation (the "FCR") that, because Bailey's claims are barred by immunity, the Court should dismiss this action with prejudice.

**Applicable Background**

Bailey, "a 70 year old disabled adult," has sued the Texas Department of Health and Human Services (the "DHHS") and the Social Security Administration (the "SSA") for alleged civil rights violations, asserting that both agencies "conspired to and in fact caused traumatic injury to [him], as well as monetary and character injury ... by taking

-1-

actions they knew they could not take according to regulations that govern them." Dkt. No. 3 at 1-2 (further alleging that both the DHHS and the SSA took such actions "without meaningful notice and without the opportunity [for presumably Bailey] to be at a pre-deprivation/termination hearing").

The factual allegations in support of Bailey's mostly due-process-based claims concern the agencies' alleged failures to accommodate his disabilities, the requirement that he provide financial information to the agencies, and/or the agencies' handling of his benefits. *See, e.g., id.* at 3 ("DHHS refuses to accommodate [his] disability by providing medical rides to doctors, like they do for others on Medicaid with and without disabilities regardless of whether or not they have transportation."); *id.* ("Plaintiff believes it is a malicious extension of an ongoing lie and conspiracy within DHHS to demand bank records without any authority to do so and in the face of authority that prohibits such a demand without probable cause."); *id.* at 4 ("On May 1, 2017 just after the appeal hearing Plaintiff found defendant DHHS and co-conspirator [SSA] had in fact cut [his] entitlement of $812 to $410 a month.").

## Legal Standards and Analysis

<u>Magistrate Judge Authority</u>

The introduction to Bailey's complaint includes the following: "No magistrate is allowed to issue any order or in anyway participate in this case. Only Article III judges are authorized to hear pretrial matters." Dkt. No. 3 at 1 (all caps omitted). Bailey's consent, however, is not required for the undersigned's entry of this FCR pursuant to 28 U.S.C. § 636(b) and Judge Godbey's standing order of reference.

The undersigned is recommending the dismissal of this action filed *in forma pauperis* upon initial screening and therefore notes that,

> under [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court.

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); ellipses omitted).

As the United States Court of Appeals for the Fifth Circuit has held, when this procedure is followed, a magistrate judge "properly ... enter[s] a recommendation on a [dispositive matter] despite a [party's] failure to consent to" the magistrate judge. *Id.*; *see, e.g., Bank of N.Y. Mellon v. Coleman*, No. 3:13-cv-1329-O, 2013 WL 4525746, at *1 (N.D. Tex. Aug. 27, 2013) ("Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties." (citing *Ybarra v. Meador*, 427 F. App'x 325, 327 (5th Cir. 2011) (per curiam); *Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 833 (5th Cir. 2011) (per curiam))); *cf. Flentroy v. Lamb*, 467 F. App'x 291, 292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not

require consent of the parties.").

<u>Immunity</u>

A district court may summarily dismiss a complaint (or claims in a complaint) filed *in forma pauperis* if it concludes that an action (or a claim in an action):

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Bailey's claims against DHHS are barred by the Eleventh Amendment, which "codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elem. & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997)). This Court is therefore "without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Id.* (citations omitted); *see Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))); *Hoyt v. Big Spring State Hosp.*, No. 6:15-cv-03-BL, 2016 WL 7189844, at *9 (N.D. Tex. Dec. 8, 2016) ("'The Eleventh Amendment bars suit in federal court against a state, or one of its agencies or departments, regardless of the nature of the relief requested.'" (quoting

require consent of the parties.").

<u>Immunity</u>

A district court may summarily dismiss a complaint (or claims in a complaint) filed *in forma pauperis* if it concludes that an action (or a claim in an action):

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Bailey's claims against DHHS are barred by the Eleventh Amendment, which "codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elem. & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997)). This Court is therefore "without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Id.* (citations omitted); *see Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court."'" (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (in turn quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987)))); *Hoyt v. Big Spring State Hosp.*, No. 6:15-cv-03-BL, 2016 WL 7189844, at *9 (N.D. Tex. Dec. 8, 2016) ("'The Eleventh Amendment bars suit in federal court against a state, or one of its agencies or departments, regardless of the nature of the relief requested.'" (quoting

*Aubrey v. Weihert*, No. 1:15-cv-232-BL, 2016 WL 4480726, at *5 (N.D. Tex. July 28, 2016), *rec. adopted*, 2016 WL 4480968 (N.D. Tex. Aug. 23, 2016); citing *Moore*, 743 F.3d at 963)).

Similarly, Bailey's claims against the SSA are barred by sovereign immunity. *See, e.g., Richards v. Soc. Sec. Admin.*, 15-cv-1528 (ENV), 2016 WL 4690394, at *3 (E.D.N.Y. Sept. 7, 2016) ("Most critically, ... neither the Civil Rights Act nor styling the claim in any other fashion would afford a right of action against federal agencies like SSA or its employees. SSA is shielded from suit by the doctrine of sovereign immunity." (citing *Franchise Tax Bd. v. U.S. Postal Serv.*, 467 U.S. 512, 517-18 (1984); citation omitted)); *accord Emrit v. Soc. Sec. Admin.*, No. 2:14-cv-01760-GMN-PAL, 2015 WL 1862785, at *3 (D. Nev. Apr. 22, 2015) ("Even assuming the Complaint set forth sufficient factual allegations, it names the Social Security Administration – a federal agency – as the sole Defendant. Absent an express waiver, the federal government and its agencies are immune from suit under the doctrine of sovereign immunity, and the court does not have jurisdiction." (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994))).

**Recommendation**

Because the claims as asserted against the only named defendants are barred by immunity, the Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 8, 2017

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE